KAREN M. VAUGHAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Vaughan v. Commissioner
Docket No. 35548-83.
United States Tax Court
T.C. Memo 1986-310; 1986 Tax Ct. Memo LEXIS 297; 51 T.C.M. (CCH) 1541; T.C.M. (RIA) 86310; July 24, 1986. *297 Karen M. Vaughan, pro se. Sandra M. Gilmore, for the respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined deficiencies and additions to tax in petitioner's Federal income tax as follows: Additions to Tax
YearDeficiency
Sec. 6653(a)(1) [1]
Sec. 6653(a)(2)
1980
$736.00
$36.80
[2]
1981
817.00
40.85
An amount to be
determined
The issues for decision are: (1) whether petitioner had unreported tip income in 1978 and 1979; and (2) whether petitioner is liable for the additions to tax enumerated above. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the exhibits attached thereto are incorporated by this reference. Petitioner resided in Corning, New York at the time she filed her petition in this case. Petitioner worked in Pierce's Restaurant, Inc. (Pierce's), a reputable *298 restaurant in Elmira Heights, New York. It is divided into three levels: the Wine Cellar, the main floor and the upstairs. The Wine Cellar was the higher class area where tips would normally be higher than average. It also has been the subject of favorable articles in local newspapers. The main floor is an area in the restaurant where less affluent diners are seated. The upstairs was used for private parties. The management collected the total amount for dinners, including tips, in this area and passed along tips to the waitresses in their discretion. Petitioner worked, 1,432 hours in 1980, and 1,595 hours in 1981, as a waitress in Pierce's. She worked on the main floor and occasionally the upstairs. She was not assigned to the Wine Cellar. Petitioner's tips consisted of dollar bills and change. She usually gave the change to the busboys. On several occasions during these years, she had a partner with whom she split her tips. Petitioner maintained a daily record of her tips in a notebook. On her 1980 and 1981 Federal income tax returns, petitioner reported wages, salaries, and tips in the amounts of $7,282.34 and $7,933.11, respectively. Based upon an analysis of Pierce's *299 books and records for the years at issue, respondent determined that petitioner underreported her tip income by $3,709.00 in 1980 and $4,074.00 in 1981. Respondent's determination was based on the following formula: STEP 1:
Total Sales
$ X
Less: Liquor sales at bar,
Cigarettes, Cigars,
Catering, etc.
X
Net Table Sales
X
Less: 10% for nontippers and
busboy and bartender splits
X
Net Table Sales
$ X
STEP 2:
Net Table Sales
= Sales per hour
Number of hours worked
STEP 3:
Sales per X Number of hours
= Sales attributable
hour          petitioner worked
to petitioner
STEP 4:
Sales attributable X 12%
= Amount of
to petitioner
petitioner's tips
Respondent used the above formula for cash sales. A similar formula was utilized for charge sales. OPINION Petitioner contends that she reported the proper amounts of her tips as reflected in her tip income notebook. She further contends that respondent's formula failed to take into consideration her work where tipping was below average. Respondent contends that petitioner's notebook was not contemporaneous with her work. In support of his position, respondent *300 notes that petitioner reported the same amount of tips in several weeks, including $75.00 in three different weeks and $80.00 in five different weeks. Respondent also contends that petitioner just used an average of $15.00 or $16.00 per day with slight variations. We found petitioner and her witnesses to be credible. They testified that petitioner made the entries in her notebook each day after work. The record contains the original notebook. We find that petitioner's notebook was kept contemporaneously with her work. Furthermore, petitioner has explained her peculiar circumstances which respondent's formula failed to take into account. Of especial note is petitioner's work station. She worked on the main floor where less affluent diners are seated and upstairs where management distributed the tips in their discretion. As to the fact that petitioner reported the same amount of tips in several weeks, we find this to be a matter of happenstance. Moreover, petitioner usually gave her change to the busboys which explains why she reported even dollar amounts ($75.00 and $80.00) in several weeks. We find that petitioner accurately reported her tips. Because petitioner is not *301 liable for the deficiencies, we need not address whether she is liable for the additions to tax. Decision will be entered for the petitioner.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended. ↩
2. Section 6653(a)(2) is only applicable to taxes the last date prescribed for payment of which is after December 31, 1981.↩